(R.D. 11318)

INTERCONTINENTAL AIR FREIGHT, INC., ET AL. v. UNITED STATES

Entry No. A–4172, etc.

(Decided June 13, 1967)

*Walter E. Doherty, Jr.*, for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the respective parties, subject to the approval of the Court, in the appeals set forth on the schedule attached hereto and made a part hereof, that:

1. The merchandise involved in these appeals consists of certain men's watchbands (Style 1025) and ladies' watchbands (Style 1026) exported from Japan during the period May through October, 1964, and indicated on the invoices by the letter "A" and initialed WO'D, by Examiner William O'Donnell.

2. That said merchandise was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956; that none of the merchandise is identified on the Final List of the Secretary of the Treasury, T.D.54521; and the proper basis for valuation of said merchandise is export value under § 402(b) of the Tariff Act of 1930, as amended [19 USC 1401a (B)].

3. That said merchandise was reject quality requiring finishing work to be done on them in order to make them salable to ultimate purchasers, and the importer herein agreed to accept said merchandise regardless of the defective, or unfinished conditions.

4. That at or prior to the time of exportation of said merchandise, standard quality merchandise of the types specified herein was freely

sold or offered for sale in the principal market of Tokyo, Japan for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade at the prices or values found by the appraiser.

5. That at the time of exportation of the merchandise undergoing appraisement herein, such merchandise was freely offered for sale and sold in the principal market of Tokyo, Japan for exportation to the United States in the usual wholesale quantities and in the usual course of trade at $1.80 per dozen pieces net packed for Style 1025, and at $1.60 per dozen pieces net packed for Style No. 1026.

6. These appeals for reappraisement are hereby submitted on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that such statutory value is $1.80 per dozen pieces, net packed, for style No. 1025 and $1.60 per dozen pieces, net packed, for style No. 1026.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.